UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL E. JACKSON,<br><br>　　　　　Petitioner,<br><br>vs.<br><br>IVY MEDICAL, JUDICIAL COURTS, TWIN FALLS COUNTY JAIL,<br><br>　　　　　Respondents. | Case No. 1:22-cv-00325-DCN<br><br>**INITIAL REVIEW ORDER** |

　　　　Petitioner Michael E. Jackson is a pretrial detainee who was extradited to Idaho from Washington on a fugitive warrant for possession of methamphetamine residue in a pipe. He asserts that he contracted COVID-19 during the jail transport. As a result, he had to be hospitalized in July 2022 for COVID-19 and kidney failure.

　　　　This is the third action Petitioner has filed in the federal court seeking an order that the Twin Falls County Jail immediately release him on a medical discharge or compassionate release pending trial, place him in a medical nursing home, or change the venue of his state criminal action to another county in Idaho. *See* Case No. 1:21-cv-00013-BLW ("Case 13") and No. 1:22-cv-000345-DCN ("Case 345"). He also asks that the Court "find defendant liable for causal connection for the acts mentioned herein." Dkt. 3, p. 4.

　　　　Section 2241 is a "general grant of habeas corpus authority" that applies to persons held in state custody for reasons other than a state court criminal judgment, including circumstances of "pre-conviction custody, custody awaiting extradition, or other forms of

custody that are possible without a conviction." *White v. Lambert*, 370 F.3d 1002, 1005 (9th Cir. 2004) (citation omitted), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010). The "essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and "the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (habeas corpus is to "challenge the legality or duration of confinement"). For example, section 2241 is used to contest extraordinary circumstances like "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). Holding a defendant "liable" for a civil rights violation is not an available habeas corpus remedy. *See* Dkt. 3, p. 4.

On the other hand, section 1983 action "is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser*, 411 U.S. at 484 (1973). Claims of constitutionally insufficient medical care are properly brought under the Eighth Amendment pursuant to § 1983. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). Title 42 U.S.C. § 1983 is an implementing statute that makes it possible to bring a tort-like cause of action under the Amendments of the United States Constitution.

This Court agrees with Judge B. Lynn Winmill that COVID-19-related conditions of confinement claims must be brought under 42 U.S.C § 1983, not 28 U.S.C. § 2241. *See* Case 13, Dkt. 7 (collecting and analyzing COVID-19 cases brought under both sections). Plaintiff already has been advised that claims of this nature must be brought in a civil rights

INITIAL REVIEW ORDER - 2

complaint. Once again, habeas corpus does not apply to conditions of confinement claims, such as improper medical care. Accordingly, his entire case will be dismissed.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Emergency Petition for Writ of Habeas Corpus (Dkt. 1) is DISMISSED for failure to state a habeas corpus claim upon which relief can be granted. The dismissal is without prejudice to Petitioner filing his claims under a proper cause of action in a new lawsuit, if appropriate.

2. Petitioner's Motion for Petition for Writ of Habeas Corpus (Dkt. 3) is DISMISSED without prejudice for the same reason.

DATED: December 1, 2022

_____
David C. Nye
Chief U.S. District Court Judge